

**IT IS ORDERED as set forth below:**

**Date: September 27, 2023**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | **CASE NUMBERS** |
| | ) | |
| KENNETH M. MIMS, | ) | 20-69137-LRC |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| STEVE E. HAMPTON, | ) | |
| | ) | |
| Movant. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH M. MIMS, | ) | IN PROCEEDINGS UNDER |
| | ) | SUBCHAPTER V OF CHAPTER 11 |
| | ) | OF THE BANKRUPTCY CODE |
| Respondent. | ) | |

## <u>ORDER</u>

Before the Court is the *Motion for Reconsideration of Order* (Doc. 301, the

"Motion"), filed by Steve E. Hampton ("Movant").  The Motion seeks reconsideration of an order (Doc. 296, the "Relief Order") denying Movant's *Motion for Relief from Orders and Judgment of Contempt and Request for Opportunity to Comply with Court Order* (Doc. 264, the "Motion for Relief").  The Motion for Relief sought to vacate three orders holding Movant in contempt: one entered on April 29, 2021 (Doc. 122, the "First Contempt Order"), another entered on August 6, 2021, and amended on September 1, 2021 (Doc. 155 and Doc. 170, the "Second Contempt Order"), and a third entered on September 30, 2021 (Doc. 188, the "Third Contempt Order").  The Motion for Relief also sought relief from two judgments entered in connection with the First Contempt Order.  *See* Doc. 123, the "First Judgment" and Doc. 156, the "Second Judgment".  After considering the Motion for Relief, the Court entered the Relief Order. The Relief Order vacated the Third Contempt Order but left in place the First and Second Contempt Orders, as the Court was time-barred from providing relief.  In the alternative, the Motion seeks an order clarifying that no future sanctions are accruing under the First Contempt Order and vacating the provisions of the Second Contempt Order that require Hampton's arrest and incarceration.  Debtor, Kenneth M. Mims ("Respondent") opposes vacating the orders and judgments but expressed support for clarifying the status of the First and Second Contempt orders in his *Brief in Opposition*

2

*to Motion for Relief from Orders and Judgments of Contempt* (Doc. 302, "Opposing Brief").

A.    *Background*

Respondent filed this case on August 19, 2020.  Movant was a practicing certified public accountant for over twenty years and worked for Respondent and Respondent's businesses prior to Respondent's bankruptcy filing but has remained unemployed since closing his business in or around January 2021.  Motion for Relief, Exh. 1, ¶¶ 2, 5.  He attributes his unemployment and closing his business "in large part" to the ongoing mental and physical challenges he has suffered in the last several decades, as noted in detail in the Relief Order.  *Id.*, ¶5.

Following a personal mental health incident, *Id.*, ¶¶ 12–13, on March 12, 2021, the Court entered an order requiring Movant, in his role as former CPA to Respondent and Respondent's businesses, to produce various documents and be examined under Rule 2004 by Respondent's counsel (Doc. 104).  After "numerous requests" and having rebuffed Respondent's counsel, Movant did not turn over requested documents or make himself available for examination.  On April 7, 2021, Respondent moved for an order holding Movant in contempt (Doc. 113, ¶ 4, "Respondent's First Motion for Contempt").  After

3

Movant failed to appear at the hearing on Respondent's First Motion for Contempt on April 28, 2021, the Court entered the First Contempt Order.  The First Contempt Order found Movant in contempt for failure to comply with a subpoena, directed Movant to immediately produce the documents requested and make himself available for a deposition within 14 days, and ordered that Movant's failure to do so would result in a fine of $150 per day "continuing until such time as he complies with the Order."  First Contempt Order, at 2. The First Contempt Order also awarded Debtor $3,738.75 in attorney's fees and directed the entry of the First Judgment in that amount.  *Id*.

Following continued personal and professional challenges and continued non-compliance with the First Contempt Order, Motion for Relief, Exh. 1, ¶¶ 15–16, in August 2021, the Court entered the Second Contempt Order, which, in part, found Movant in contempt of the First Contempt Order and directed the United States Marshal Service to incarcerate Movant until such time as he complied with Respondent's discovery requests. Second Contempt Order, at 2, 4.  The Second Contempt Order also ordered Movant to pay Respondent and/or his counsel the amount of $12,300, which constituted a $150 per day fine for the period of noncompliance from May 14, 2021, through August 4, 2021, awarded Respondent's attorney's fees, in the amount of $2,635.50, and directed entry of the Second

4

Judgment in the amount of $14,935.50.

On August 13, 2021, Movant called Respondent's counsel to inform him that he was willing to sit for an examination and to provide requested documents. Motion for Relief, Exh. 1, ¶ 24. He sent various documents to Respondent's counsel the next day and appeared on September 13, 2021, for his examination. *Id.*, ¶ 25. However, after he became "exhausted and confused" and thought "[Respondent's counsel] was trying to trick [him]," Movant asserted his Fifth Amendment privilege, thus stopping the examination. *Id.* The same day, the Court held a hearing and ordered Movant to produce requested documents to Respondent's counsel by September 16, 2021. *Id.* Movant complied, but only in part, providing Respondent's counsel with "a large box of responsive documents as well as some documents stored on Dropbox," but he "did not produce any [requested] emails." Doc. 286, at 4.

On September 20, 2021, the Court again ordered Movant to sit for his continued examination on September 28, 2021, and produce other requested documents before the examination date. (Doc. 178, the "Continued 2004 Examination Order"). But on September 28, 2021, Movant did not appear, and the Court entered its Third Contempt Order two days later, finding Movant in contempt of the Continued 2004 Examination

5

Order and directing the United States Marshal Service to incarcerate Movant until such time as he complied with the discovery requests.  Third Contempt Order, at 5.

Following the Third Contempt Order, Movant faced continued health problems. Movant conceded his actions before the filing of the Motion were "unprofessional" and apologized.  Motion for Relief, Exh. 1, ¶ 31.  Movant acted *pro se* until the filing of the Motion for Relief on September 27, 2022.  Following the Motion for Relief, Movant appeared on January 12, 2023, for a hearing on his Motion for Relief. At the time, Movant was detained by the United States Marshal Service for reasons unrelated to the Second Contempt Order; and he was later released pursuant to the Court's authorization.  Doc. 277, at 1.

Per an affidavit filed by Respondent, as of February 3, 2023, Movant had "made a good faith effort to comply with the Court's order and ha[d] produced a significant number of documents responsive to the Reorganized Debtors' prior subpoenas."  Doc. 283, at 2. Later, in the post-hearing brief, Respondent informed the Court that "Hampton has finally made a good faith attempt to produce responsive documents, and there is no further need for the Court to coerce his compliance."  Doc. 286, at 5.  In acknowledgement of the change in circumstances and given the timeliness of the request under Rule 60(b)(1), the Court

vacated the Third Contempt Order.  The Court could not and cannot vacate the First Contempt Order, the Second Contempt Order, or the related judgments under Rule 60(b)(1) or 60(b)(6) for the reasons stated in the Relief Order.  The Court did not believe it was necessary to vacate the orders under Rule 60(b)(5) but will now clarify that the daily fine imposed by the First Contempt Order is no longer accruing and, assuming it is necessary to do so, will vacate under Rule 60(b)(5) the apprehension and incarceration provisions included in the Second Contempt Order.

B.      *Analysis*

1.      *Request to Vacate First Contempt Order and Second Contempt Order*

Rule 9023 of the Federal Rules of Bankruptcy Procedure makes Federal Rule of Civil Procedure 59 applicable to this contested matter but provides that "[a] motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment."   Fed. R. Bankr. P. 9023. Bankruptcy Local Rule 9023-1 further specifies "[w]henever a party or attorney for a party believes grounds exist to justify filing a motion to reconsider an order or judgment, the moving party must file its motion with the Bankruptcy Clerk within fourteen days after the entry of the order or judgment." BLR 9023-1 (N.D. Ga.).

The Court entered the Relief Order on June 21, 2023.  On July 5, 2023, within the 14-day window for amendment or alteration, Movant filed the Motion, seeking again the relief denied in the Relief Order or, in the alternative, requesting clarification of the status of the coercive provisions of the First and Second Contempt Orders.  While the Court may alter or amend an order or judgment under Rule 59(e), Rule 59(e) "'may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n.5 (2008) (citing 11 C. Wright & A. Miller, Fed. Prac. & Proc. § 2810.1, pp. 127–128 (2nd ed. 1995)).  Further, to prevail on a motion for reconsideration in the absence of newly discovered evidence, the movant must establish a "manifest error of law or fact."  *Id*.  The Motion does not present any new evidence.  Instead, Movant asks the Court to take a closer look at the similarities between his circumstance and the circumstances in *Klapprott v. United States*, 335 U.S. 601, 613 (1949), a case in which the Supreme Court found that Rule 60(b)(6) should be applied, but has not established that the Court made a "manifest error of law or fact."

In the Motion for Relief, Movant sought to have the Contempt Orders and Judgments vacated under Rule 60(b)(1) or, in the alternative, 60(b)(6).  Federal Rule of Civil Procedure

60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment [or] order for . . . any other reason that justifies relief" even after one year has passed." Fed. R. Bankr. P. 60(b)(6). "[A] party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)." *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 393 (1993) (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, and n.11 (1988)). "To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 393 (1993).

In the Relief Order, the Court found Movant's delay to be the result of "excusable neglect." Relief Order, at 8. The Court vacated the Third Contempt order under Rule 60(b)(1), finding it was entered as a result of Movant's excusable neglect. Movant received the relief possible under Rule 60(b)(1), but, because 60(b)(1) and 60(b)(6) are mutually exclusive, cannot receive relief under 60(b)(6) as well. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

Movant seeks reconsideration of the Court's determination regarding Rule 60(b)(6), arguing that his circumstances bear similarity to those in *Klapprott*, in which petitioner

9

received relief under 60(b)(6).  Motion, at 5.  The Court did not and does not find Movant's

failure to comply with the Court's orders or to appear for the hearings held in this case were

the result of "an extraordinary situation which cannot fairly or logically be classified as

mere 'neglect' on his part," such that Rule 60(b)(6) would apply.  *Klapprott,* 335 U.S. at

613.  In neither the Motion nor the Motion for Relief did Movant demonstrate that his

circumstances were comparable to the situation in *Klapprott.*

In *Klapprott*, the petitioner, a naturalized citizen, was facing a complaint by the

government seeking denaturalization when he was arrested and detained for conspiracy to

violate the Selective Service Act prior to the deadline to answer the complaint.  *Id.* at 604–

06.  As a result of failing to answer the government's complaint on account of being

detained by the government, petitioner had a default judgment for denaturalization entered

against him.  *Id.* at 603.  During detention, agents of the United States government

confiscated a letter by the petitioner to the American Civil Liberties Union seeking

assistance in the denaturalization proceeding.  *Id.* at 604–06.  After the petitioner's criminal

conviction was overturned, he sought to vacate the default judgment of denaturalization.

*Id.* at 608–09.  The Court found that, given that the government had prevented petitioner

from seeking legal aid in a case they were carrying out against him, the circumstances were

such that it was appropriate to vacate the denaturalization judgment under Rule 60(b)(6). *Id.* at 614–15.

Here, Movant's circumstances differ from the petition such that application of Rule 60(b)(6) is not appropriate.  The Court acknowledges both the petitioner and Movant were struggling with illness in some capacity around the time of their cases.  *See* Relief Order at 2, *and see Klapprott*, 335 U.S. at 604.   However, in *Klapprott* the extraordinary circumstance was that petitioner was prevented from complying with the deadline to answer the complaint by the same plaintiff suing him, whereas here, Respondent was not preventing Movant from complying with the Court's orders while seeking judgment against him.   Further, in *Klapprott*, the petitioner's actual, physical incarceration prevented petitioner from answering or seeking relief from the default judgment in a timely manner. Here, the Court considered the testimony and evidence presented and concluded that Movant's impediments to compliance did not equate to those at issue in *Klapprott.* Therefore, the Court cannot grant Movant's renewed prayer for relief under Rule 60(b)(6).

    2.    *Request to Set Aside Arrest and Incarceration Order*

The Motion proposed an alternative to vacating the First and Second Contempt Orders: an order clarifying that no future sanctions are accruing under the First Contempt

Order and vacating the provisions of the Second Contempt Order requiring Hampton's arrest and incarceration. Motion, at 7. Respondent does not oppose these alternatives. Opposing Brief, at 1. Under Rule 60(b)(5), "on motion and just terms, the court may relieve a party or its legal representative from a final judgment [or order if] the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). As stated in the Relief Order, Rule 60(b)(5) "applies only to judgments that have prospective effect as contrasted with those that offer a present remedy for a past wrong." *Griffin v. Sec'y, Fla. Dep't of Corr.*, 787 F.3d 1086, 1091 (11th Cir. 2015) (internal quotations and citations omitted).

The imposed sanctions were prospective when the Court entered the contempt orders and were intended to accrue only until Movant complied. As requested by Movant, the Court will clarify the Relief Order to state that the First Contempt Order began accruing on April 29, 2021, and ceased on September 27, 2022, upon the filing of the Motion for Relief. Relief Order, at 10, n.3. The provisions of the Second Contempt Order regarding Movant's Apprehension and Incarceration were put in place to coerce Movant to comply with Respondent's discovery request. *Id.*, at 8. Movant has complied, and the application of

12

these provisions is no longer equitable.

     3.    *Monetary Sanctions – Sum Certain and Liquidation*

Movant is not entitled to relief from the sanctions imposed under the First Contempt Order and the liquidated fine.  Movant was non-compliant with the First Contempt Order from May 14, 2021, to and through September 27, 2022.  While Respondent notified the Court of Movant's compliance via affidavit on February 3, 2023, 630 days after the beginning of monetary sanctions, Respondent proposes Movant's compliance began on September 27, 2022, and the Court agrees.  The First Contempt Order imposed a $150 per diem fine.  The Court's Second Contempt Order liquidated a portion of this fine, and the Court entered a judgment for $12,300.00 in favor of the debtor and his counsel.  Fines owed for the remaining 419 days from August 5, 2021, to and through September 27, 2022, equal $62,850.00.  The Court liquidates the remaining portion of the monetary sanctions and finds that no further monetary sanctions have accrued or will accrue under the First Contempt Order.

C.    *Conclusion*

For the reasons stated above,

IT IS ORDERED that the Motion is DENIED IN PART AND GRANTED IN PART;

13

IT IS FURTHER ORDERED that the Court denies the request to reconsider its decision regarding vacating the First and Second Contempt Orders and the First and Second Judgments;

IT IS FURTHER ORDERED that no fines accrued under the First Contempt Order after September 27, 2022, and the sum of daily sanctions is $75,300.00;

IT IS FURTHER ORDERED that the Second Contempt Order's direction to the United States Marshals Service to apprehend and incarcerate Hampton is vacated, pursuant to Rule 60(b)(5).

IT IS FURTHER ORDERED that the Court shall enter a judgment against Mr. Hampton in the amount of $62,850.00 in favor of the Respondent, Kenneth M. Mims, and the Respondent's attorneys, Small Herrin, LLP.   A separate judgment will be entered contemporaneously with this Order.

**END OF DOCUMENT**